# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| **MICHAEL GIAMO,** <br><br> Petitioner, <br><br> v. <br><br> **WARDEN RACHEL THOMPSON,** <br><br> Respondent. | Case No. 24–cv–08322–ESK <br><br> **OPINION** |

**KIEL, U.S.D.J.**

  **THIS MATTER** is before the Court on petitioner Michael Giamo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.) Respondent Warden Thompson opposes the Petition and argues that it is moot. (ECF No. 6.) For the following reasons, I will dismiss the Petition as moot.

  Petitioner submitted the Petition on August 7, 2024. (ECF No. 1.) The Petition challenged the Bureau of Prisons's (Bureau) decision not to give him a 12-month residential reentry center placement. Respondent filed an answer opposing the Petition on September 23, 2024. (ECF No. 4.) On February 4, 2025, Respondent filed a supplemental brief advising that petitioner had been released to a reentry center on January 22, 2025. (ECF No. 6 p. 1.) It argued the Petition was now moot because petitioner had received his requested relief. (*Id.*) Petitioner did not file a response.

  Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a

'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)).  Petitioner has been reassigned to a reentry center as requested.  The Petition is moot.

I would have denied the Petition if it had not been made moot.  The Second Chance Act (Act) directs the Bureau "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility."  18 U.S.C. § 3624(c)(1).  "The [Bureau] exercises its authority pursuant to the [Act] to determine individual prisoner [reentry center] placements by applying the five factors set forth in" 18 U.S.C. § 3621(b).  *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012); *see also* 18 U.S.C. § 3624(c)(6)(A) (instructing Bureau director to issue regulations "in a manner consistent with section 3621(b) of this title").

The Bureau evaluated petitioner on February 7, 2024 and concluded that he was eligible for up to 240 days in a reentry center.  (ECF No. 4–3 pp. 11, 12.)  This individualized assessment is all that the Act requires.  "The Act gives the Bureau the discretion to determine whether and how long (not to exceed 12 months) an inmate is to be pre-released to an reentry center, provided such pre-release confinement is practicable and the Bureau considers § 3621(b)'s factors when making its determination."  *Gomez-Enamorado v. Thompson*, No. 24–cv–06939, 2025 WL 914315, at *3 (D.N.J. Mar. 26, 2025) (cleaned up).  A federal prisoner has no entitlement to placement in a reentry center prior to the end of his term of imprisonment.  *Fagiolo v. Smith*, 326 F. Supp. 2d 589, 592 (M.D. Pa. 2004); *Williams v. Allenwood-Low*, No. 3:24–cv–01321, 2024 WL 4204277, at *5 (M.D. Pa. Sept. 16, 2024) ("[N]othing in the Second Chance Act, First Step Act, or § 3621(b) entitles an inmate to any

2

guaranteed placement in [a reentry center].")  Therefore, the Petition would have been denied if it were not moot.

An appropriate Order accompanies this Opinion.

 */s/ Edward S. Kiel*  
**EDWARD S. KIEL**  
**UNITED STATES DISTRICT JUDGE**

Dated:  April 4, 2025